IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGDALIA NIEVES MONTIJO,

    Plaintiff,

    v.

MICHAEL ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 10-1596 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Above plaintiff Migdalia Nieves-Montijo (hereafter "plaintiff Nieves-Montijo") filed this complaint seeking judicial review of the decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), who denied her application for entitlement to a period of disability and ensuing benefits. Plaintiff Nieves-Montijo has requested the decision of the Administrative Law Judge ("ALJ"), as affirmed thereafter by the Appeals Counsel, be set aside and the matter be remanded to the Commissioner to entertain, with a medical expert and a vocational expert, how the combination of mental and physical impairments precluded the performance of work activities.  (Docket Nos. 1 and 24).[1]

The Commissioner answered the complaint, filed copy of the administrative record, and submitted a memorandum of law in support of a Motion for Judgment on the Pleadings (Docket No. 17).  Plaintiff Nieves-Montijo filed an Opposition and a Memorandum of Law discussing the legal provisions and the ALJ's failure to receive testimonies from qualified

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
"... [t]he court shall have power to enter, upon the pleadings and transcript
of the record, a judgment without remanding the cause for rehearing".  Section 205(g).

medical and vocational experts to assist in interpreting raw medical data as to plaintiff's functional terms to perform the work she previously held as a seamstress. (Docket No. 24). Plaintiff Nieves-Montijo has recently consented to the exercise of jurisdiction by a United States Magistrate-Judge. (Docket No. 30). As such, this Opinion and Order follows.

After a perusal of the administrative record, the parties' briefs, as well as the administrative record containing the medical evidence on file, this United States Magistrate Judge finds **defendant's Motion for Judgment of the Pleadings is without merit and is hereby DENIED.** As a result thereof, the Commissioner's decision warrants **REMAND.**

## GENERAL BACKGROUND

Plaintiff Nieves-Montijo was a fifty three (53) years old female at the time of the last date she was insured for disability purposes, namely, 2007. She had completed eighth grade education and had performed past relevant work as a seamstress.

Plaintiff Nieves-Montijo filed an initial application for disability insurance benefits alleging inability to work because of major depression, herpes, breast tumor, spasms, pancreatitis and vertigo. She had also received treatment for complaints of pain in her back, neck shoulder, hip, legs, feet, elbows and hands. She had a diagnosis of chronic lumbalgia and cervicalgia, peripheral neuropathy, epicondylitis on her right elbow and carpal tunnel syndrome. The treating rheumatologist indicated the patient suffered from rheumatoid arthritis with daily, severe and generalized joint pain, with episodes of swelling.

**PROCEDURAL HISTORY AND THE ADMINISTRATIVE HEARING**

After plaintiff's initial application and administrative record as of May 6, 2003 could not be located, the ALJ considered Nieves-Montijo's disability status anew from the onset date of claimed disability of June 28, 2002, though the last date she was insured of December 31, 2007. The ALJ concluded, after an administrative hearing, plaintiff Nieves-Montijo's was not precluded from performing her previous work as a seamstress after undertaking his own conclusion in regards with her residual functional capacity. The Appeals Council affirmed the ALJ's decision and, thus, denied plaintiff's request for a period of disability and benefit payments.

Thereafter, Nieves-Montijo filed a complaint before this federal court to review the administrative decision of the Commissioner denying her benefits. Defendant submitted a motion for judgment on the pleadings requesting the administrative decision be affirmed which is the object of this opinion.

**THE ALJ'S DECISION AND THE APPEALS COUNCIL**

In the opinion issued by the ALJ on September 8, 2008, he applied the evaluation process mandated by law, insofar as concluding that plaintiff: (1) meets the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through the date of the administrative decision; (2) has not engaged in substantial gainful activity since the alleged onset date of disability; (3) has an impairment or a combination of impairments considered "severe" based upon the Regulations found at 20 C.F.R. § 404.1520(b), but these medically determinable impairments do not meet or

medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. However, the ALJ did not consider the remaining five steps in the evaluation required for sequential analysis because the ALJ concluded plaintiff's impairments did not prevent her from performing her previous kind of work as a seamstress. (*Tr. pp. 15-22*).

The ALJ reviewed and discussed in the administrative opinion the medical evidence wherein the ALJ concluded plaintiff Nieves-Montijo suffered from high blood pressure, episodes of pancreatitis, herpes, a breast mass, but these conditions were considered mild or temporary without further medical complications. As such, these were not considered severe impairments. Plaintiff's musculo-skeletal pathology and active depression were considered severe impairments since these more than minimally affected plaintiff's ability to perform basic work related activities. (*Trans. p. 18*).

As of 1996, Nieves-Montijo had been diagnosed with epicondylitis and neuropathy of the legs manifested mostly by leg numbness. In spite of these conditions, the ALJ determined plaintiff continued working and other ailments of body pains were intermittent and treated very conservative. The ALJ recognized a diagnosis of rheumatoid arthritis by Dr. Michael Babilonia and heavy lifting and carrying was precluded to avoid triggering her musculo-skeletal symptoms but otherwise determined these were not severe or frequent in nature to further compromise plaintiff's functional capabilities. (*Id.*).

Insofar as the mental condition, the ALJ recognized the record reflected complaints of depression after plaintiff stopped working and she had received mental health care since January of 2003. Although a psychiatric consultative evaluation revealed an affective

disorder manifested by depression, somatic complaints, insomnia, isolation and memory problems by Dr. Hazel Toledo, the ALJ indicated the assessment of a forty percent limitation was mostly based on plaintiff's subjective allegations and, thus, were not controlling. (*Tr. p. 19*). The ALJ refers to no psychiatric hospitalization being reported; psychiatric treatment was conservative and follow-up in nature. As such, the ALJ concluded that, while plaintiff had an active depression on or prior to December 31, 2007, the date she was last insured for disability purpose, Nieves-Montijo's mental condition was mostly of mild intensity. (*Id.*).

On the basis of the ALJ's determination that the above ailments did not meet the listing severity and the assessment was of no marked limitation of overall physical function and mobility, with a psychiatric condition of mild intensity, the ALJ determined plaintiff's residual functional capacity without the benefit of a consultative medical evaluation. In conclusion, the medical conditions were considered not to impose restrictions on plaintiff's ability to perform her previous work as a seamstress. The ALJ stated allegations as to pain under the Avery case standard were not credible as to the intensity, persistence and limiting effects of the symptoms. (*Tr. p. 20*).

The ALJ also found plaintiff Nieves-Montijo was not under disability because she was determined to retain the functional capacity to perform light work activity, lift and carry up to twenty (20) pounds frequently and fifty (50) pounds occasionally, and stand/walk and sit for six (6) to eight (8) hours in an eight (8) hour work day, was able to perform simple, routine, unskilled jobs. The ALJ thus made the assessment that plaintiff's

residual functional capacity for light kind of work did not preclude her previous job as a seamstress. (*Tr. p. 20*).

## LEGAL ANALYSIS

**A.     Legal Standard**.

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that she is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if [s]he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of

substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Secretary of Health and Human Services, 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If she is, disability benefits are denied. §§ 404.1520(b). If she is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively

presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if she is not able to perform other work. §§ 404.1520(f).

The claimant has the burden, under steps one through four, of proving that she cannot return to her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991).

Plaintiff Nieves-Montijo contends the Appeals Council declined to review the ALJ's decision, adopting same as the final decision of the Commissioner, even though the ALJ failed to formulate the final conclusion on substantial evidence. Plaintiff submits the ALJ's decision was based on a record lacking any medical or vocational backup to support the ALJ's findings as to residual functional capacity to perform her past relevant work as a seamstress. To the contrary, plaintiff Nieves-Montijo avers the record is clear she had developed an emotional condition which required psychiatric treatment. Plaintiff had been hospitalized at the Dr. Alejandro Otero-López Hospital in Manatí, Puerto Rico, because of her mental condition where she received emergency treatment for psychotic features upon

holding thoughts of stabbing her family for several weeks and attempted suicide. Plaintiff Nieves-Montijo was also hospitalized due to acute pancreatitis.

A nerve conduction study in 2007 yielded a diagnosis of carpal tunnel syndrome, which notes were considered as illegible by the ALJ, and not mentioned nor even considered by the ALJ in his assessment or administrative opinion. Plaintiff Nieves-Montijo, who is left-handed, was indeed surgically intervened in the year 2008, shortly after her insured period had expired, in her left hand and is awaiting surgery approval for her right hand because of her public health plan limitations. The treating rheumatologist Dr. Michael Babilonia had opined plaintiff Nieves-Montijo could stand or walk for less than two hours in an eight hour workday and sit for about four (4) hours, with the need to shift positions at will and with significant limitations in reaching, handling and fingering. *(Tr. pp. 541-545)*. Due to the previous conditions of neuropathy and elbow pain, plaintiff Nieves-Montijo performed work as a ticketer, which required less exertion than the previous job as bundle carrier, where she need not be seated all the time and did not have to carry packages or distribute materials. (*Tr. pp. 41-42*).

Previous medical treatment due to complaints of high blood pressure refers to dizziness and sometimes vertigo caused by medication. Dr. Lesbia Ruiz had recommended the patient to attend treatment accompanied and maintained a diagnosis of major depression during the years 2004-2005. (*Tr. pp. 94-100*). Plaintiff's testimony at the administrative hearing revealed plaintiff Nieves-Montijo had stopped driving after suffering

four vehicular accidents in a row because of the side effects of medication. The patient had also suffered from pancreatitis, Hepatitis B, and genital herpes.

Thus, as first and utmost averment against the ALJ's opinion, plaintiff Nieves-Montijo submits a proper residual functional capacity assessment was not made. Secondly, plaintiff claims the ALJ did not give proper weight to the treating physicians' medical reports and dismissed their opinions, in addition to plaintiff's testimony regarding the combination of exertional and non-exertional conditions, thus ignoring medical reports, including a consultative psychiatric evaluation. Thirdly, plaintiff's memorandum states the ALJ failed to afford proper weight to plaintiff's testimony. As a result, plaintiff considers the ALJ, as a lay person, substituted the medical opinions from evaluating and treating physicians by his own and should be subject of reversal for lack of substantial evidence to support the ALJ determination subsequently adopted as the opinion of the Commissioner.

**B. Review of the Medical Evidence in the Record as a Whole**.

A review of the ALJ's decision shows he opined objective evidence established the presence of some medical impairments which could reasonably be expected to cause the symptoms alleged, but not to the extent claimed. In reviewing the decision of the ALJ, it is ostensibly clear that not all the medical evidence in the record was duly considered. There is no mention as to the effects of medications for plaintiff's mental condition, of her psychiatric hospitalization nor of her carpal tunnel syndrome. These conditions, individually and in combination, could have affected plaintiff's residual functional capacity and, thus, the performance of her previous past relevant work as a seamstress.

Additionally, the allegations of a well documented pain condition was dismissed as not credible, without the benefit of the testimonies from a vocational and a medical expert who may shed light as to plaintiff's residual functional capacity to perform her previous work.

This Magistrate Judge is aware that the First Circuit has previously discussed the ALJ is "not required to recite every piece of evidence that favored appellant." Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d)("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

An ALJ is not required to give greater weight to opinions of treating physicians in social security disability case. *See* Arroyo v. Secretary of Health and Human Services, 932 F.2d 82 (1st Cir. 1991). *See also* Rodríguez Pagán v. Secretary of Health and Human Services, 819 F.2d 1 (1st Cir. 1987) (opinions of physicians in social security disability proceedings are not entitled to greater weight merely because they are treating physicians, as opposed to consulting physician). To be controlling, among other things, the treating physician's opinion must not be inconsistent with the other substantial evidence in the case record. Conflicts in the evidence are for the Commissioner, not the courts. Rodríguez v.

Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir.1981). *See also* 20 C.F.R. § 404.1527(d)(2); *see also* Rodríguez Pagán v. Secretary of Health and Human Services, 819 F.2d at 3; Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 130 (1st Cir. 1981).

However, it is also well established that the treating physician's opinions must be given considerable weight in determining disability, even if not deemed conclusive. *See* Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994). Thus, the ALJ may disregard the treating physician's opinion with a showing of good cause. Moreover, "the good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id*. (citing Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985)); Sánchez v. Commissioner of Social Security, 270 F.Supp.2d 218, 221 (D. Puerto Rico 2003).

Additionally, non-examining or consultative evaluations herein did not submit a residual functional assessment upon which the ALJ rested to make conclusion that plaintiff could perform at some exertional levels. *See* Gordils v. Secretary of Health and Human Services, 921 F.2d 327, 329 (1st Cir.1990) (*per curiam*) (the opinion of an examining consultant and a non- examining physician who completed an RFC assessment can constitute "substantial evidence"). The ALJ is entitled to consider how the claimant's testimony fits with the rest of the evidence of record. *See* Frustaglia v. Secretary of Health

and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987). The ALJ concluded plaintiff's allegations regarding her limitations were not totally credible.

## CONCLUSIONS OF LAW

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[2] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). *See* Rodríguez v. Secretary of Health and Human Servs., 647 F.2d at 222.

When the severity of claimant's symptoms are supported by objective medical evidence from the treating physician, the ALJ would be required to provide clear and convincing reasons for rejecting the claimant's testimony only when there is evidence of malingering. Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir. 1996). There is no evidence in this case that plaintiff was malingering at any time, and as such, the ALJ's findings to discredit her testimony at the administrative hearing proceedings, without more, would require good cause be shown to be supported by substantial evidence, notwithstanding that credibility determinations are for the ALJ to make.

---

[2] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

Migdalia Nieves-Montijo v. Commissioner of SS
Civil No. 10-1596 (CVR)
Opinion and Order
Page No. 14

The ALJ erred in assessing a claimant's residual functional capacity by ignoring medical evidence, substituting his judgment for that of medical professionals and improperly discounting the opinion of a treating physician. *See* Nguyen v. Chater, 172 F.3d 31, 33 (1st Cir. 1999). ALJ would proceed to the determination of claimant's residual functional capacity. 20 C.F.R. §§ 404.1520 and 404.1561 by taking into account the severity of claimant's pain and the extent to which it impeded the ability to work. 20 C.F.R. § 404.1529(a) and (b); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 25 (1st Cir. 1986). In making this assessment, the ALJ is required to consider evidence in addition to medical tests, including, inter alia, claimant's statements, opinions of treating physicians, reports of claimant's activities and claimant's course of treatment. 20 C.F.R. § 404.1529(c). Nguyen v. Chater, 172 F.3d at 33.

As a lay person, however, the ALJ is simply not qualified to interpret raw medical data in functional terms and no medical opinion supported the determination. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15 (1st Cir.1996); Pérez v. Secretary of Health and Human Services, 958 F.2d 445, 446 (1st Cir.1991); Berrios López v. Secretary of Health and Human Services, 951 F.2d 427 (1st Cir.1991); Gordils, 921 F.2d at 329; see Nguyen v. Chater, 172 F.3d at 35. With a few exceptions (not relevant here), an ALJ, as a lay person, is not qualified to interpret raw data in a medical record. *See* Pérez, 958 F.2d at 446; Gordils, 921 F.2d at 329. Of course, where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment. *See, e.g., id*. But

when, as here, a plaintiff has sufficiently put her functional inability to perform prior work in issue because of both exertional and non-exertional limitations, the ALJ must measure plaintiff's capabilities, and to make that measurement, an expert's residual functional capacity evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person.

In this case, the record contains no analysis of residual functional capacity by a physician or other expert. Thus, the question whether substantial evidence supports the ALJ's finding that plaintiff retains the functional capacity to do her previous level of exertion as a seamstress, depends on a qualitative assessment of the medical evidence. If that evidence suggests a relatively mild physical impairment posing, to the layperson's eye, no significant exertional restrictions, then we must uphold the ALJ's finding; otherwise, we cannot (in the absence of an expert's opinion). *See* Pérez, 958 F.2d at 446-47; Gordils, 921 F.2d at 329.

This Magistrate Judge considers the decision of the Commissioner lacks substantial evidence in support. A remand on disability determinations is appropriate for the administrative agency to be able to consider new evidence when the new evidence would be material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.  New evidence meets the materiality requirement if it bears directly and substantially on the matter in dispute and there is a reasonable possibility that

the new evidence would have changed the outcome.³ A remand is the proper remedy here because it would allow the Commissioner to fulfill his role of resolving conflicting evidence, a task which is not ours to perform. Freeman v. Barnhart, 274 F.3d 606, 609 (1st Cir. 2001); Walker v. Bowen, 834 F.2d 635, 639-40 (7th Cir.1987).

On remand, the ALJ must reassess, after any proceedings that may be suitable, the severity of plaintiff's symptoms, including her pain and inability to remain in a standing or seated positions for prolonged periods of time, taking into account the entire record and obtaining any expert medical opinion needed to illuminate the medical records, as well as the combination of impairments. Consideration should also be given as to the effects of medication and dual carpal tunnel syndrome on both hands which has been established by medical evidence and as to which plaintiff already underwent surgery as to one. Both the Social Security statute, 42 U.S.C. § 423(d)(2)(C), and the Secretary's regulations, 20 C.F.R. § 404.1523, require the Secretary to consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the ALJ finds, as he may, that any treating physician's opinion is not credible, then he must comply with the regulations by explaining the grounds. The ALJ must consider the extent to which plaintiff's exertional and/or non-exertional impairments may compromise her ability to perform work.

---

³ "We have held, accordingly, that where an ALJ reaches conclusions about claimant's physical exertional capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence and it is necessary to remand for the taking of further functional evidence. Rivera-Figueroa v. Secretary of Health and Human Services, 858 F.2d 48, 52 (1st Cir.1988); Rivera-Torres v. Secretary of Health and Human Services, 837 F.2d 4, 7 (1st Cir.1988)." See Pérez, 958 F.2d at 446.

Migdalia Nieves-Montijo v. Commissioner of SS
Civil No. 10-1596 (CVR)
Opinion and Order
Page No. 17

## CONCLUSION

For the reasons stated above, this United States Magistrate Judge finds, after having scrutinized the record and upon finding that the ALJ's decision is not supported by substantial evidence, defendant's Motion for Judgment on the Pleadings is to be **DENIED**. As such, the Commissioner's decision is **REMANDED** for consideration of residual functional capacity and the testimonies of a vocational expert and/or a medical expert.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

At San Juan, Puerto Rico, on this 14th day of January of 2011.

S/**CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ RIVE**
**UNITED STATES MAGISTRATE JUDGE**