IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGDALIA NIEVES MONTIJO,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 10-1596 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Migdalia Nieves-Montijo (hereafter "Nieves-Montijo") initially filed an application for disability insurance benefits. Upon denial at the administrative level, plaintiff proceeded with this civil action for judicial review of the administrative decision denying her application. After filing a complaint in this federal court, summoning defendant, the Commissioner of Social Security submitted a memorandum of law which plaintiff requested be stricken. The Court issued an order granting the motion to strike and ordering defendant to file its memorandum in accordance with Local Rules. Defendant filed a Motion for Judgment on the Pleadings which was referred to this Magistrate Judge for report and recommendation. Upon the parties' consent to proceed before this Magistrate Judge, plaintiff filed its Opposition to Defendant's Memorandum and the issues were submitted.

An Opinion and Order was issued followed with a Judgment that the case be remanded to the Commissioner for re-adjudication of plaintiff's disability claims. Remand

was ordered pursuant to sentence four, Section 205(g) of the Social Security Act. Title 42, United States Code, Section 405(g).

On February 3, 2011, counsel for plaintiff Nieves-Montijo, Atty. Alejandro Bellver-Espinosa filed a Motion for Attorney's Fees under the Equal Access to Justice Act. (Docket No. 36). The fee petition was timely filed after the Court issued judgment to remand the matter to the administrative forum on January 14, 2011. (Opinion and Order; Judgment; Docket Nos. 34 and 35). Defendant filed a response objecting to certain portions of the fee application, the amount per hour and agreeing to a cost of living adjusted hourly rate of $174.39. (Docket No. 37). Plaintiff filed a Motion to Strike Defendant's Opposition and was thereafter allowed leave to file a reply. (Docket No. 38 and 40).

## LEGAL DISCUSSION

Counsel for plaintiff, who obtained remand to the administrative action regarding the initial denial of plaintiff's disability claim, has requested an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).

Section 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The standard applied in determining prevailing party status for purposes of awarding attorneys' fees under Civil Rights Attorney's Fees Awards Act is also applied in awarding

<u>Migdalia Nieves-Montijo v. Commissioner of S.S.</u>
Civil No. 10-1596 (CVR)
Opinion and Order
Page No. 3

fees under Equal Access to Justice Act. *See* <u>McDonald v. Secretary of Health & Human Servs.</u>, 884 F.2d 1468 (1st Cir. 1989).

Once a claimant has established "prevailing party" status, the government can defeat a fee award only by demonstrating that its position was "substantially justified" or that "special circumstances" make an award unjust. *See* <u>Commissioner, I.N.S. v. Jean</u>, 496 U.S. 154, 110 S.Ct. 2316, 2319 (1990).[1] Claimant should, however, present said request within the thirty (30) days of final judgment in the action. The record clearly establishes plaintiff has herein duly complied with a timely filing of a request for attorney's fees.

Under the Equal Access to Justice Act a party prevailing against the United States may be awarded fees payable by the United States if the government's position in litigation was not substantially justified. Congress harmonized fees payable by the government under EAJA with fees payable under Section 406(b) of Title 42 –fees paid out of claimant's past due benefits. Thus, fee awards may be made under both. <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 122 S.Ct. 1817, 1818 (2002).

The record shows defendant, the Commissioner of Social Security, filed its objection to plaintiff Nieves-Montijo's request attorney's fees objecting to an initial claim of fifty nine (59) hours of legal work at the rate of $250.00 per hour.[2] Defendant does not object,

---

[1] <u>Trinidad v. Secretary of Health & Human Servs.</u>, 935 F.2d 13 (1st Cir. 1991) (abuse of discretion in denying a fee application when the government has not contested prevailing status, establish its position was substantially justified nor objected to the fee request).

[2] <u>Sullivan v. Hudson</u>, 490 U.S. 877, 109 S.Ct. 2248 (1989) (prevailing status in a civil action encompassed the remand proceedings for which a Social Security claimant was entitled to attorney's fees in connection with a district court order remanding the action to the Secretary of Social Security).

however, that the statutory rate of $125.00 per hour be adjusted for the cost of living to the amount of $174.39. Plaintiff's opposition to defendant's response submits in the alternative that said hourly rate of $174.39 be approved by the Court.

The motion for attorney's fees, with its supporting documents itemized the amounts of hours requested for attorney's fees, after obtaining remand by the Court for further administrative proceedings under Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157 (1991).

Additionally, counsel for plaintiff has itemized the various fees corresponding to the work performed during the respective applicable years.[3]

After a perusal of the documentation and the record provided by counsel, this Magistrate Judge opines the number of hours up to forty (40) hours is reasonable in this case. The amount of hours allowed shall be approved at the rate of $174.39, plus nine (9) additional hours spent by counsel for plaintiff in dealing with defendant's opposition to the fee motion. Thus, counsel for plaintiff is to receive the corresponding fees for forty nine (49) hours at the rate of $174.39, by a check to be mailed to counsel on behalf of plaintiff Nieves-Montijo, for a total of $8,545.11.

## CONCLUSION

In view of the foregoing, attorney's fees are to be paid by defendant in the total amount of $8,545.11 with a check payable to plaintiff Migdalia Nieves-Montijo to be mailed to the address of record of counsel Alejandro Bellver-Espinosa.

---

[3] The motions for extension of time for the benefit of counsel for plaintiff were reduced. However, the number of forty (40) hours are considered reasonable number of hours invested by counsel in filings and pleadings in this action, including the time requested for electronic filing which under the rules of this district are equivalent to counsel's electronic signature in the motions not merely clerical and/or administrative work delegated to office personnel.

Migdalia Nieves-Montijo v. Commissioner of S.S.
Civil No. 10-1596 (CVR)
Opinion and Order
Page No. 5

    IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of March of 2011.

                                                  s/CAMILLE L. VELEZ-RIVE
                                                  CAMILLE L. VELEZ-RIVE
                                                  UNITED STATES MAGISTRATE JUDGE